UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CELERINO MENDEZ-REYES, | Case No. 2:26-cv-01145-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRUCE SCOTT, et al.,[1] | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Celerino Mendez-Reyes entered the United States without inspection decades ago, was apprehended by Department of Homeland Security officials in September 2025, and is detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 2 at 6. Petitioner states that he is pursuing relief from removal, including

---

[1] Among the Respondents, Petitioner names "Kristi Noem" as the Secretary of the Department of Homeland Security ("DHS").  However, before the petition was filed, Ms. Noem had been replaced as Secretary of DHS by Markwayne Mullin.  Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Markwayne Mullin for Kristi Noem. The Court urges Petitioner's counsel to exercise greater care in the future in naming Respondents.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

cancellation of removal under the Immigration and Nationality Act ("INA") § 240A(b). *Id.* at 2, 4.

On April 4, 2026, Petitioner filed a petition for writ of habeas corpus, primarily on the ground that his mandatory detention violates the INA because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 at 1–2. The next day, he filed an amended petition raising the same arguments. Dkt. 2. On April 16, the Federal Respondent filed a return to the habeas petition. Dkt. 6. On April 20, Petitioner filed a traverse. Dkt. 7. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class and is entitled to a bond hearing. Dkt. 2 at 1–2, 5–6. Petitioner asserts that he "remains detained without any individualized determination of whether he poses a danger to the community or a flight risk." *Id.* at 2. Petitioner further asserts that he has "deep and substantial ties to the United States" as evidenced by his lengthy employment history, his marriage to a United States citizen, and the fact that he is the father of U.S. citizen children. *Id.* at 4–5.

While the Federal Respondent expresses his continued disagreement with the Court's order in *Rodriguez Vazquez*, he does not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 6 at 1–3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). To the extent that Petitioner raises alternative arguments regarding his detention based on alleged constitutional violations, the Court need not reach these claims as they would provide similar relief—an individualized bond hearing before an Immigration Judge ("IJ")—as the statutory *Rodriguez Vazquez* claim. *See, e.g.*, *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120 (W.D. Wash. 2019) (holding that due process requires a bond hearing once mandatory detention becomes unreasonably prolonged). And if the IJ abuses their discretion when applying the law to Petitioner's request for bond,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Petitioner may seek relief from that violation in a subsequent habeas petition. *See Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024) (determination whether noncitizen presents a danger to the community or risk of flight is reviewable in habeas as a mixed question of fact and law).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 2) is GRANTED.

2. Within fourteen days of receiving Petitioner Celerino Mendez-Reyes's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 29th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4